UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

BRENT A. M.,                        )
                                    )
       Plaintiff,               )
                                    )
v.                                  )    Case No. 4:24-cv-04175-SLD-RLH
                                    )
FRANK BISIGNANO,                    )
                                    )
       Defendant.               )

ORDER

Before the Court is Plaintiff Brent A. M.'s Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412, ECF No. 15. Brent seeks $5,272.50 in fees and $405 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court must award fees and expenses to a prevailing party in any civil action brought by or against the United States. Mot. Att'y Fees 1. Defendant Commissioner of Social Security Frank Bisignano ("the Commissioner") does not oppose Brent's request. *See* Resp. 1, ECF No. 18. For the reasons that follow, the motion is GRANTED.

BACKGROUND

Brent filed this suit in September 2024 seeking judicial review of the Commissioner's final decision denying his claim for disability insurance benefits. Compl., ECF No. 1. United States Magistrate Judge Ronald L. Hanna entered a report and recommendation ("R&R") recommending that the Court reverse the Commissioner's decision and remand the case for further proceedings. *See generally* R&R, ECF No. 12. No objections were filed, and the Court adopted the R&R. Aug. 20, 2025 Order, ECF No. 13. Judgment was entered on August 21, 2025. Judgment, ECF No. 14. The motion for EAJA fees was filed on November 18, 2025. *See* Mot. Att'y Fees 1.

1

## DISCUSSION

I.  **Attorney's Fees Under the EAJA**

Under the EAJA, a successful litigant against the federal government is entitled to recover her attorney's reasonable fees if: (1) she is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Brent is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in his favor and his case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Brent's request for attorney's fees is timely. Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within 30 days of final judgment in the action. In Social Security cases involving a remand, the filing period for attorney's fees does not begin until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). The motion for fees was filed within 30 days of the time to appeal expiring, *see* Fed.

R. App. P. 4(a)(1)(B) (providing that either party has sixty days to appeal in a case involving the United States or a United States officer), so it was timely.

The next issue is whether the government's position was "substantially justified." EAJA fees may be awarded if either the Commissioner's litigation position or his pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and his legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that his position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, the Commissioner does not oppose the request for fees, so he cannot be said to have met his burden of establishing that both his litigation position and his pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Brent is entitled to recover reasonable attorney's fees under the EAJA.

## II.     Reasonableness of Brent's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees she requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id*. at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate . . . . may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to Brent's attorney's time sheets. *See* Itemization of Services, ECF No. 16-1. These show that Brent's attorney spent 21.5 hours on the case and that a paralegal spent 1.5 hours on the case. *Id.* at 1–2.[1] "Fees for work done by paralegals can be awarded under the fee-shifting provision of the EAJA." *Krecioch*, 316 F.3d at 687. The Court finds that all 23 hours were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, Cause No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

Brent's attorney asserts that her work should be compensated at the hourly rate of $240 and the paralegal work should be compensated at an hourly rate of $75. Miller Bam Affirmation ¶¶ 8, 10, ECF No. 16. To justify the requested attorney rate, she points to changes in the consumer price index ("CPI") between March 1996, when the $125 per hour rate was set, and "the first half of 2025." *Id.* ¶ 8. To determine what rate above the statutory ceiling may be authorized, courts have looked to the ratio of the CPI at the time legal services were rendered to the CPI at the time the current statutory limit of $125 was set. The $125 limit is multiplied by this ratio to determine the proportional change in rate. *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718,

---

[1] The time sheets actually show that Brent's attorney spent 22.4 hours on the case and that a paralegal spent 3.2 hours on the case, but Brent is only seeking compensation for 21.5 hours of attorney time and 1.5 hours of paralegal time. *See* Itemization of Services 1–2.

4

2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012). The CPI for Chicago-Naperville-Elgin was 156.3 in March 1996 and averaged 300.096 for the first half of 2025. *See* CPI Chicago-Naperville-Elgin from 1996 to 2005, ECF No. 16-2 at 3. Accordingly, the CPI had increased by a factor of 1.92. Using that factor, an increase in the statutory cap to $240 per hour is warranted. Brent's attorney indicates that she "essentially . . . submitted" an affidavit establishing that $240 does not exceed the prevailing community rate, pointing to her affirmation in support of the motion for fees. Pl.'s Resp. *Sprinkle* Order 2, ECF No. 19. The Court disagrees—the affirmation shows only what the CPI-adjusted rate should be. It does not discuss what market rate is for similar services. Brent also points to other cases from this district and circuit awarding EAJA fees based on similar or higher hourly rates. *See id.* at 2–3; *see, e.g.*, *Brian D. v. O'Malley*, No. 4:22-cv-04133-SLD-JEH, 2024 WL 4436334, at *3 (C.D. Ill. Oct. 7, 2024) (finding that $240.18 did not exceed market rate). To avoid protracted litigation over an undisputed EAJA fee, the Court accepts this as sufficient proof for now. But in future cases, Brent's counsel should submit proof—not just citations to other cases—that her requested rate does not exceed market rate as *Sprinkle* requires. Based on an hourly rate of $240 for 21.5 hours of work, Brent is entitled to $5,160 in attorney's fees.

Brent submits no support for his request for a $75 per hour paralegal rate. *See* Miller Bam Affirmation ¶ 10. However, courts within this circuit have found hourly rates for paralegals between $100 and $125 to be reasonable in EAJA cases. *See, e.g.*, *Nicole M. P. v. Bisignano*, No. 4:25-cv-04051-SLD-RLH, 2025 WL 2965120, at *3 (C.D. Ill. Oct. 17, 2025). A rate less than that is reasonable as well. Based on an hourly rate of $75 for 1.5 hours of work, Brent is entitled to $112.50 for paralegal fees.

The docket supports that Brent expended $405 for court fees.

5

CONCLUSION

Accordingly, Plaintiff Brent A. M.'s Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412, ECF No. 15, is GRANTED. Brent is entitled to $5,275.50 in fees and $405 in costs under the EAJA. This amount may be offset to satisfy any pre-existing debt that Brent owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Brent has assigned his right to EAJA fees to his attorney. *See* Assignment, ECF No. 16-3. Thus, if Defendant Commissioner of Social Security Frank Bisignano can verify that Brent does not owe a pre-existing debt to the United States subject to offset, he shall direct payment of the award to attorney Maren Miller Bam. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421. If payment is mailed rather than electronically deposited, the Commissioner will instruct the U.S. Department of the Treasury that any check be made payable to Brent and mailed to attorney Maren Miller Bam at her address of record: Maren Miller Bam, Esq., Salus Disability, LLC, 723 The Parkway Richland, WA 99352.

Entered this 5th day of February, 2026.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE